**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| James Swinney, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 1:20-CV-02316-ACR |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Islamic Republic of Iran, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' MOTION FOR ORDER AUTHORIZING EXECUTION AND ATTACHMENT**

COME NOW, Plaintiffs, by counsel, to request entry of an Order finding that they have met the requirements of 28 U.S.C. § 1610(c) and that, as a result, they may seek attachment or execution of their judgment under 28 U.S.C. 1610(a), (b), and/or (g).

To obtain this relief, a plaintiff is required to (1) provide a foreign state defendant notice of the default judgment issued against it; and (2) to allow for a "reasonable period of time" to elapse since the notice was effective. *See* 28 U.S.C. § 1610(c). When those two requirements are met, this court may then issue an order authorizing the plaintiff to pursue attachment and enforcement of assets in satisfaction of that judgment. *See Owens v. Republic of Sudan,* 141F. Supp. 3d 1 (D.D.C. 2015). These statutory requirements have been met here.

I. **The first element is satisfied because Plaintiffs properly served Iran with their default judgment.**

Proper provision of notice is governed by the service requirements contained within 28 U.S.C. § 1608(e). Therein, a plaintiff is required to serve "any such default judgment… in the manner prescribed for service in this section." Section 1608(a) provides four means for serving

foreign states, each of which must be attempted in order, if possible. *See* 28 U.S.C. § 1608(a)(1)-(4); *see also Karcher v. Islamic Republic of Iran*, 249 F. Supp. 3d 557, 559 (D.D.C. 2017).

Because Plaintiffs and Iran do not maintain a special arrangement for service and Iran is not party to an international convention or treaty on the service of judicial papers, it was not possible for Plaintiffs to complete service under the first two methods. *See* 28 U.S.C. § 1608(a)(1)-(2).

After Plaintiffs repeatedly attempted and failed to effect service under 28 U.S.C. § 1608(a)(3), *see* Dkts. 20, 27, this Court ordered that Plaintiffs may proceed with service pursuant to 28 U.S.C. § 1608(a)(4). *See* Dkt. 59.

Section 1608(a)(4), the final step, states that service may then be completed "through diplomatic channels." Plaintiffs initiated diplomatic service of the default judgment on May 30, 2025. ECF No. 61. The Clerk mailed the service documents to the U.S. State Department on May 30, 2025. ECF No. 62. Defendants, Islamic Republic of Iran ("Iran"), Iranian Ministry of Intelligence and Security ("MOIS"), and the Islamic Revolutionary Guard Corps ("IRGC"), were served via diplomatic channels on December 8, 2025. *See* Exhibit A.

Based on the foregoing, Plaintiffs have complied with all the requirements set out for service under Section 1608(a). Accordingly, Plaintiffs have satisfied the first element necessary for the authorization of enforcement of a judgment pursuant to Section 1610(c).

## II. The second element is met because a reasonable amount of time has passed.

Plaintiffs must also establish that a "reasonable period of time" has elapsed since the default judgment was obtained and notice of that judgment was provided to Iran. The law does not specifically define what a "reasonable period" may be, but this Court has routinely "found

periods of three months and less reasonable." *Owens v. Republic of Sudan*, 141 F. Supp. 3d 1, 9 (D.D.C. 2015); *see also TECO Guatemala Holdings, LLC v. Republic of Guatemala,* Case No. 1:17cv102, 2020 WL 2934951, at *2 (D.D.C. June 2, 2020) (observing that "the sweep of the case law supports…that even a few months is sufficient…especially when the defendant has offered no evidence that it is making efforts to satisfy the judgment").

74 days have elapsed (nearly a full 3 month) since Plaintiffs formally notified Iran of their default judgment. *See* Exhibit A. As anticipated, Iran has failed to recognize the judgment, contact Plaintiffs' counsel, or make any attempt to satisfy its obligations.

WHEREFORE, Plaintiffs respectfully request that this Motion be GRANTED and that this Court enter the proposed Order attached hereto finding that Plaintiffs have served proper notice of their default judgment on Iran and that a "reasonable period of time" has elapsed; and that attachment and execution upon Iran's assets under 28 U.S.C. § 1610 may now proceed.

Respectfully Submitted,

Dated: February 20, 2026

/s/ Caitlyn Prichard Miller
Caitlyn Prichard Miller, Esq.
**ALYSTOCK WITKIN KREIS & OVERHOLTZ, PLLC**
17 E Main Street, Suite 200
Pensacola, FL 32502
P: 850-202-1010
F: 850-916-7449
Email: cmiller@awkolaw.com

*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of February 2026, a true and correct copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system which will send a notification of such filing on all counsel of record.

*/s/ Caitlyn P. Miller*
Caitlyn P. Miller